NOT DESIGNATED FOR PUBLICATION

No. 115,146

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

REGINALD D. MCCRAW,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed March 31, 2017. Affirmed and remanded with directions.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*: Reginald D. McCraw was charged with attempted second-degree murder and aggravated robbery from an incident in which he backed over Michael Scriven with his Cadillac and then beat and robbed him. Following jury selection, and the State's presentation of three witnesses at the jury trial, McCraw decided to enter into a plea agreement. In exchange for McCraw's guilty plea, the State amended the charges to two counts of aggravated battery. Count I identified McCraw's Cadillac as a deadly weapon. Count II did not identify any deadly weapons. At the plea hearing, the district court identified on the record that the first count of aggravated battery was committed

1

with a deadly weapon. McCraw was subsequently sentenced to 47 months in prison and 12 months of postrelease supervision and was required to register as a violent offender for 15 years.

McCraw appeals. He argues there was ambiguity surrounding his plea agreement, and the district court abused its discretion when it required him to register as a violent offender.

On the morning of January 28, 2014, McCraw got into a confrontation with Scriven in the parking lot of a shopping center. Scriven began to walk away from the confrontation. McCraw, driving his Cadillac, chased down Scriven. McCraw put the car in reverse and backed over Scriven. McCraw then got out of the Cadillac and punched Scriven as he lay on the ground. Witnesses stated that McCraw indicated Scriven had broken the back window out of the Cadillac and had stolen money from him. McCraw went through Scriven's pockets as he lay injured on the ground, got back in the Cadillac, and quickly drove away. In his rush, McCraw hit another car as he drove out of the parking lot. McCraw left the scene of the accident. Witnesses were able to give police both a description of McCraw's Cadillac and the license plate number. The police located and apprehended McCraw later that day. Scriven had been severely injured in the incident. One witness could not identify Scriven's race because his face was covered in a large amount of blood. Scriven required a ventilator and was sedated. His hip was shattered, his scalp was torn loose, and he had multiple broken bones.

On January 31, 2014, McCraw was charged with attempted second-degree murder and aggravated robbery. At the preliminary hearing on April 3, 2014, the State presented 11 witnesses. McCraw was bound over for jury trial on both attempted second-degree murder and aggravated robbery. A jury was selected June 22 and 23, 2015, and the State presented three witnesses on June 23, 2015. The following day, June 24, 2015, McCraw entered into a plea agreement with the State. He agreed to plead guilty to two counts of

aggravated battery, a level 7 person felony. Count I was "with a deadly weapon," specifically McCraw's Cadillac. Count II was not "with a deadly weapon," but "in a [manner] whereby great bodily harm, disfigurement or death can be inflicted" from McCraw punching Scriven. At the conclusion of the plea hearing, the judge asked, "There's no registration requirements I need to be aware of on this, are there?" McCraw's counsel replied, "Not that I'm aware of, Your Honor." The State filed an amended information on June 26, 2015, reflecting the charges to which McCraw had pled. Specifically, Count 1 was aggravated battery "with a deadly weapon, to wit: a Cadillac" and Count 2 was aggravated battery "in a manner whereby great bodily harm, disfigurement or death can be inflicted, to wit: beating."

A presentence investigation (PSI) report was filed on November 24, 2015. The PSI report indicated that offender registration was required for both of the counts of aggravated battery. At the sentencing hearing on December 1, 2015, McCraw's counsel objected to the "Offender Registration Required" box being checked on the PSI report. McCraw's counsel maintained that the offender registration requirement was not part of any of the plea discussion with the State:

> "The rule as far as registration goes states here each conviction, person felony with a court finding on the record that such a felony was committed by a deadly weapon.
>     "We did not agree for that finding to be made. There is nothing in the plea agreement where the State was going to be asking for that finding to be made. That finding was not part of our negotiation on the case, and the Court's not obligated to make that finding. Now, I understand a car can be considered a deadly weapon. That's a possibility. There's times where it's absolutely appropriate."

The State responded that the amended information specifically said "with a deadly weapon." Furthermore, "[t]here was an admittance of guilt to that being the crime [that] was committed with a deadly weapon, a Cadillac." The district court sentenced McCraw to 34 months on count 1 and 13 months on count 2 for a total of 47 months in prison and

3

12 months of postrelease supervision and required McCraw to register as a violent offender for 15 years. Looking to the notice of duty to register, the district court listed both counts of aggravated battery as the basis for the registration requirement.

On appeal, McCraw first argues it was an abuse of discretion when the district court ordered him to register as a violent offender for 15 years. McCraw cites *State v. Gant*, 288 Kan. 76, 201 P.3d 673 (2009), for the standards regarding abuse of discretion by a trial court. He maintains that ambiguity surrounded whether he and the State were proceeding "on a deadly weapon course as opposed to simply great bodily harm" as evidenced by his counsel's colloquy with the district court at sentencing. McCraw concedes the issue of his Cadillac being considered a deadly weapon was brought up by the district court during the plea hearing. However, in light of this, McCraw asserts that "taken as a whole," an examination of the documents surrounding the plea agreement and his trial counsel's arguments during the sentencing hearing reveal an ambiguity. McCraw maintains the ambiguity is further evident from the district court and his counsel being unaware during the plea hearing of any requirements to register. McCraw contends that if the parties did proceed on a deadly weapon theory on Count 1, the district court made insufficient findings at the sentencing hearing to order registration. McCraw argues the ambiguity surrounding the case resulted in the district court abusing its discretion.

The State argues statutory construction is necessary to resolve this appeal, specifically statutory interpretation regarding the Kansas Offender Registration Act (KORA). The State maintains district courts requiring offender registration when the offense is not specified as a registrable offense under the KORA is a discretionary act. The State then outlines the abuse of discretion standard citing *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011). The State contends there was no ambiguity surrounding McCraw's case. The State points out that KORA specifically requires violent offender registration when "the court makes a finding on the record that a deadly weapon was used

4

in the commission of a person felony." K.S.A. 2015 Supp. 22-4902(e)(2). The State is clear that McCraw pled guilty to two aggravated battery counts.

The State argues the record is not ambiguous in this case. The State indicates the district court clarified that Count 1 of aggravated battery was done with a deadly weapon, specifically McCraw's Cadillac. Furthermore, the amended information clearly states "'with a deadly weapon'" in Count 1, referencing the Cadillac. The State further maintains the sentencing hearing did not contain any ambiguity. McCraw's counsel argued that McCraw had never discussed registration with the State and McCraw had never agreed to a deadly weapon finding being made. The State asserts McCraw fully understood his plea and no allegations have been made that he did not understand that Count 1 concerned the use of a deadly weapon.

Finally, the State contends the district court made a deadly weapon finding at the sentencing hearing. While the district court may not have used the exact words "deadly weapon," looking to the hearing in its full context, the court clearly made the finding. The State maintains there is no other reasonable way to interpret the court's comments and KORA does not require the use of any magic words. The court issued its finding immediately after both the State and McCraw's counsel's arguments regarding the deadly weapon issue. The State argues that McCraw's argument on this point fails.

"'Judicial discretion can be abused in three ways: (1) if no reasonable person would have taken the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact.' [Citation omitted.]" *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Contrary to what the State claims, this is not an issue of statutory interpretation, the applicable statute in this case is quite clear. The statute reads: "'Violent offender' includes any person who . . . on or after July 1, 2006, is convicted of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony."

5

K.S.A. 2015 Supp. 22-4902(e)(2). Essentially three elements must be present in order for an individual to be found a violent offender under this statute. First, the conviction must occur "on or after July 1, 2006." K.S.A. 2015 Supp. 22-4902(e)(2). Second, the individual must be convicted of a person felony. K.S.A. 2015 Supp. 22-4902(e)(2). Finally, the court must make a finding "that a deadly weapon was used in the commission of" the felony on the record. K.S.A. 2015 Supp. 22-4902(e)(2). All three factors are present in this case.

First, McCraw's conviction occurred after July 1, 2006. He pled guilty and was convicted on June 24, 2015. Second, McCraw was convicted of two person felonies, specifically two counts of aggravated battery. The first two elements of the statute are unmistakably present, and neither of the parties dispute that fact. The dispute lies in the third element.

McCraw claims the district court made insufficient findings at the sentencing hearing to order registration. However, McCraw fails to see that this is not what the statute requires. Instead, the statute requires a court to make "a finding on the record that a deadly weapon was used." K.S.A. 2015 Supp. 22-4902(e)(2). The statute does not say that such a finding needs to be made at the sentencing hearing, just that the court needs to make the "finding on the record." K.S.A. 2015 Supp. 22-4902(e)(2). This happened at McCraw's plea hearing:

> "THE COURT: That's fine. In Count 1, Mr. McCraw, it's alleged that on or about January 28th, 2014, here in Sedgwick County, Kansas, you knowingly caused bodily harm to another person, that being Michael Scriven, ***with a deadly weapon,*** which was your automobile, in a manner whereby great bodily harm, disfigurement or death can be inflicted. Is that true?
> "THE DEFENDANT: Yes, sir." (Emphasis added.)

6

Clearly, the district court made the deadly weapon finding on the record. The district court was correct in requiring McCraw to register as a violent offender at sentencing. K.S.A. 2015 Supp. 22-4902(e)(2).

With all of the statutory elements present for requiring violent offender registration, the district court never had to use discretion in making its registration decision. However, even if the court's decision was discretionary, none of the ways abuse of discretion presents itself exist in this case. Looking to the first abuse of discretion instance, a reasonable person would most certainly "have taken the view adopted by the trial court" as all of the elements of the statute were met. *Marshall*, 303 Kan. at 445. Looking to the second instance, the judicial decision in this case was not "based on an error of law." 303 Kan. at 445. Last, looking to the third instance, the judicial decision in this case was not "based on an error of fact." 303 Kan. at 445. Abuse of discretion is not present in this case.

The majority of McCraw's argument, besides the brief point addressed above, revolves around an allegation that ambiguity existed as to the violent offender registration requirement, therefore causing the district court to abuse its discretion. McCraw was apparently not aware the registration requirement would be part of the plea agreement. McCraw cites no caselaw to support this premise, besides outlining the abuse of discretion standard at the beginning of his argument. McCraw is never clear how this ambiguity may have led to the court abusing its discretion because he never references to the abuse of discretion standard in his argument. Instead, McCraw goes straight from the alleged ambiguity to a broad claim that "the district court abused its discretion." All elements of the statute have been met, and this was not even a discretionary decision. The district court did not abuse its discretion.

Finally, a point brought up by McCraw, and perhaps the best argument that the district court never made a deadly weapon finding, was the colloquy between McCraw's

counsel and the court at the end of the plea hearing. The district court asked at the end of the plea setting, "There's no registration requirements I need to be aware of on this, are there?" McCraw's counsel replied, "Not that I'm aware of, Your Honor." Regardless of this colloquy, the court did make a finding on the record that McCraw had committed the aggravated battery with a deadly weapon. While the court might not have had KORA in mind when it made this finding, the finding was made nonetheless. Nothing in the statute requires the district court to make the deadly weapon finding in contemplation of a KORA requirement. K.S.A. 2015 Supp. 22-4902(e)(2). This colloquy does not change the abuse of discretion analysis from above. Abuse of discretion is simply not present in this case.

One issue not addressed by the parties is that the district court listed both counts of aggravated battery as the basis for KORA requirement on the notice of duty to register. A deadly weapon finding was only found by the district court as to Count 1 and was expressly rejected as to Count 2. While this does not change the fact that McCraw still has to register as a violent offender, it is a bit concerning due to the lifetime registration requirement for any "second or subsequent conviction of an offense requiring registration" as outlined in K.S.A. 2015 Supp. 22-4906(c). The journal entry of judgment specifically says McCraw only has to "register for 15 [years]"; however, the notice of duty to register should be corrected to note that there was only one conviction of an offense requiring registration to prevent any negative consequences it could have on McCraw.

Affirmed and remanded with directions.